UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STACY COPELAND, and
MICHELE BEMIS,

    Plaintiffs,

vs.                                    Case No.:

BROWARD COUNTY d/b/a GREATER
FORT LAUDERDALE CONVENTION
& VISITORS BUREAU a/k/a GFLCVB;
STACY RITTER, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, STACY COPELAND ("COPELAND"), and MICHELE BEMIS ("BEMIS") (collectively "Plaintiffs"), by and through their undersigned counsel, and file this Complaint against Defendants, BROWARD COUNTY d/b/a GREATER FORT LAUDERDALE CONVENTION & VISITORS BUREAU, a governmental entity, ("GFLCVB"), and STACY RITTER, Individually ("RITTER") (collectively "Defendants"), and state as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain declaratory relief, a judgment against Defendants as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28

1

U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff COPELAND's claim for failure to timely pay wages in violation of Cal. Lab. Code. § 201 and 203, pursuant to 28 U.S.C. § 1367(a) because this claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as her overtime claim.

4. Venue is proper in this Court as Defendants' principal place of business is in Broward County.

## PARTIES

5. At all times material hereto, Plaintiff, BEMIS resided in Charlotte, North Carolina.

6. At all times material hereto, Plaintiff, COPELAND resided in Danville, California.

7. At all times material hereto, Plaintiffs performed non-exempt labor duties on behalf of the Defendants who are located in Broward County, Florida, within the jurisdiction and venue of this court.

8. At all times material hereto, Defendant GFLCVB is a governmental agency that operates its business in Broward County, Florida.

9. At all times material hereto, Defendant RITTER served as President and CEO for GFLCVB.

10. At all times material hereto, Defendant STACY RITTER was an individual resident of the State of Florida, Broward County, who was and is an officer of GFLCVB, and who regularly exercised the authority to: (a) hire and fire employees of GFLCVB; (b) determine the work schedules for the employees of GFLCVB; and (c) control the finances

2

and operations of GFLCVB.

11. As an officer of GFLCVB who regularly exercised the authority to hire and fire employees of GFLCVB; determine work schedules of those employees; and control the finances and operations of GFLCVB, Defendant STACY RITTER is an individual employer as that term is defined under the FLSA.

12. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

14. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

15. At all times material hereto, Defendant GFLCVB was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendants is in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including but not limited to telephones, computers, and office supplies.

18. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

19. Defendant GFLCVB is the official tourism marketing agency for Broward

County, Florida. The GFLCVB promotes the Greater Fort Lauderdale area as a premier year-round leisure and meeting destination.

20. From approximately October 18, 2004, through March 10, 2017, Defendants hired BEMIS to work as a Regional Director of Sales.

21. From approximately March 31, 1997, through March 10, 2017, Defendants hired COPELAND to work as a Regional Director of Sales.

22. Both Plaintiffs were paid a salary for their work.

23. As a Regional Director of Sales for Plaintiffs' respective territories, Plaintiffs job duties were to work with event planners to encourage them to hold their events in Broward County, assisting in locating appropriate space and lodging, participating in trade shows and educational conferences, and attending networking events outside of Broward County, and within Broward County.

24. Plaintiffs had assigned geographical territories.

25. Plaintiffs were assigned which trade major shows or other events to attend.

26. Plaintiffs made no marketing or sponsorship decisions.

27. All of Plaintiffs' activities were managed, budgeted, and approved by their immediate supervisor, who also signed all contracts related to Plaintiffs' work.

28. Neither BEMIS nor COPELAND regularly supervised two or more full-time employees.

29. Neither BEMIS nor COPELAND managed, planned or approved budgets or contracts.

30. Neither BEMIS nor COPELAND exercised discretion over matters of significance in their work for Defendants.

31. Neither BEMIS nor COPELAND made any sales in connection with their work for Defendants.

32. Plaintiffs worked for Defendants in excess of forty (40) hours in one or more workweeks during Plaintiffs' employment. Specifically, Plaintiffs worked an average of 65-70 hours per week, due to their ample evening and weekend work.

33. During Plaintiffs' employment, Defendants failed to compensate Plaintiffs at a rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours in a single workweek.

34. Plaintiffs were not permitted to submit all of their hours, as any timesheet Plaintiffs submitted with more than forty hours was automatically rejected.

35. Plaintiffs should be compensated at the rate of one and one-half times Plaintiffs' regular rate for those hours that Plaintiffs worked in excess of (40) hours in a single workweek as required by the FLSA.

36. Upon information and belief, the majority of Plaintiffs' time records are in the possession of Defendants.

37. Defendants have violated Title 29 U.S.C. §207 during the term of Plaintiffs' employment, in that:

    a. Plaintiffs worked in excess of forty (40) hours for Defendants in one or more workweeks;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours per workweek during the time

they were non-exempt, as provided by the FLSA; and

c. Defendants have failed to maintain proper time records as mandated by the FLSA.

38. Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA was and is willful, as Defendants knew or should have known that failure to pay Plaintiffs proper overtime was in violation of the FLSA.

39. Plaintiff COPELAND worked for Defendants in California.

40. Plaintiff COPELAND was terminated from her employment with Defendants.

41. Plaintiff did not receive her last paycheck and/or payment of accrued benefits on her last day of employment.

42. Plaintiff COPELAND did not receive her last paycheck and/or payment of accrued benefits within 72 hours of her last day of employment.

43. In fact, several weeks elapsed between Plaintiff COPELAND's last day of employment and Defendant GFLCVB's payment of the final wages due to her.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
**(Bemis and Copeland vs. All Defendants)**

44. Plaintiffs re-allege paragraphs 1 through 38 of the Complaint, as if fully set forth herein.

45. At all relevant times, Plaintiffs worked in excess of forty (40) hours in one or more workweeks for which Plaintiffs were not compensated at the statutory rate of one and one-half times Plaintiffs' regular rate of pay.

46. Plaintiffs were, and are, entitled to be paid at the statutory rate of one and

one-half times Plaintiffs' regular rate of pay for all hours worked in excess of forty (40) hours in a workweek in the three years preceding the date of the filing of the Complaint in this matter.

47. Defendant failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights under the FLSA.

48. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

49. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered, and continue to suffer damages and lost compensation for hours worked over forty (40) hours in a workweek, plus liquidated damages.

50. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs request: (a) a judgment entered in their favor and against Defendants for actual and liquidated damages; (b) a declaration that Defendants' conduct violated the FLSA; and (c) costs, expenses, attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## VIOLATION OF CAL. LAB. CODE § 201
*(Copeland v. GFLCVB)*

51. Plaintiff COPELAND realleges and incorporates paragraphs 1-4, 6-8, 10, 21-22, and 39-43 of the Complaint as if fully set forth herein.

52. Plaintiff COPELAND worked for Defendant GFLCVB in California.

53. Defendant GFLCVB did not pay Plaintiff COPELAND her final wages immediately upon her last day of employment.

54. Defendant GFLCVB did not pay Plaintiff COPELAND her final wages within 72 hours of her last day of employment.

55. Cal. Lab. Code § 201 (a) provides that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable *immediately*. An employer who lays off a group of employees by reason of the termination of seasonal employment in the curing, canning, or drying of any variety of perishable fruit, fish or vegetables, shall be deemed to have made immediate payment when the wages of said employees are paid within a reasonable time as necessary for computation and payment thereof; provided, however, that the reasonable time shall not exceed 72 hours, and further provided that payment shall be made by mail to any employee who so requests and designates a mailing address therefor.

56. Cal. Lab. Code § 203 provides that "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201… any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

57. In failing to pay Plaintiff for weeks after the last day of her employment, Defendant willfully failed to pay the wages of Plaintiff, a discharged employee, in accordance with the mandates of Section 201.

58. Pursuant to Section 203, Plaintiff is entitled to statutory damages in the

amount of her rate of pay for each day that the Defendant was delinquent in paying Plaintiff, up to a maximum of 30 days, as the result of Defendant's failure to comply with Section 201.

WHEREFORE, Plaintiff COPELAND seeks a judgment in her favor and against Defendant GFLCVB for violation of Cal. Lab. Code § 201 pursuant to Cal. Lab. Code § 203 for daily wages owed due to the untimely payment of Plaintiff's final wages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## JURY DEMAND

Plaintiffs hereby request that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 15th day of May, 2017.

Respectfully submitted,

/s/ Angeli Murthy
Angeli Murthy, Esquire
FL Bar No.: 088768
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, FL 33324
Tel: 954-318-0268/Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Trial Counsel for Plaintiffs*